[No. A043688. First Dist., Div. Three. Dec. 21, 1988.]

MINNESOTA MINING AND MANUFACTURING COMPANY, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
ROBERT A. D. SCHWARTZ, Real Party in Interest.

---

**COUNSEL**

Rene P. Tatro, Kirk G. Werner, Gordon W. Renneisen and Heller, Ehrman, White & McAuliffe for Petitioner.

No appearance for Respondent.

Kenneth P. Barnum and Clapp, Moroney, Bellagamba, Davis & Vucinich for Real Party in Interest.

---

**OPINION**

**MERRILL, J.—** Petitioner, a defendant in a civil action, challenges the Alameda County Superior Court's ruling confirming a settlement between plaintiff and a codefendant. (Code Civ. Proc., § 877.6.) In deciding whether to confirm the settlement, the court performed a mathematical calculation to determine the "ballpark" for the settling defendant. But a significant error of law was made in establishing one of the factors for that calculation. We issue a writ of mandate to vacate the court's order.

For purposes of our opinion we need not belabor the facts and procedures. We focus directly upon the court's order granting the motion confirming a good faith settlement between plaintiff Maximum Technology (MaxiTech hereinafter) and defendant Robert A. D. Schwartz (Schwartz hereinafter). Although MaxiTech has sued Schwartz and other defendants, including petitioner, for over $2 million, MaxiTech settled with Schwartz for $20,000. In a written decision, the court approved the settlement and explained the steps in its analysis.[1] We focus on only one step, because it reveals a fatal error in the court's approach.

---

[1] "The Settlement must be tested against the requirements of *Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates,* (1985) 38 Cal.3d 488 [213 Cal.Rptr. 256, 698 P.2d 159]. [¶] 1.) A rough approximation of Plaintiff's total recovery and the settlor's proportionate liability: As set forth in the evidence and arguments of counsel, the range of possible recoveries from Cross-Defendant Schwartz is from zero to $94,280 (40%, the possible ownership interest if the

Recovery by MaxiTech against Schwartz depends upon MaxiTech being able to pierce the corporate veil of Litrex, a corporation owned by three shareholders. Schwartz is a 40 percent owner of Litrex. Richard L. Finch, a 20 percent owner, has also been sued by MaxiTech, but Sidney M. Pankin, owner of the remaining 40 percent, has not been named as a defendant. The superior court has concluded that if the corporate veil is pierced, Schwartz will be liable for only 40 percent of the judgment, based upon his 40 percent ownership interest in Litrex. The court made an error of law. Under settled rules of law, if the corporate veil is pierced, Schwartz may be held liable as an individual for the entire obligation of the corporation.

■ Where the alter ego doctrine applies, ownership of even one share is sufficient to hold a shareholder liable for the debts of a corporation. (*Riddle* v. *Leuschner* (1959) 51 Cal.2d 574, 580 [335 P.2d 107].) Regardless of the size of a shareholder's holding, each of several shareholders may be held liable as a principal or partner of the corporation. (*First Western Bank & Trust Co.* v. *Bookasta* (1968) 267 Cal.App.2d 910, 916 [73 Cal.Rptr. 657].) Where the alter ego theory is proved, corporation owners are "essentially partners operating through a corporate form, and they are liable for its debts." (*Hiehle* v. *Torrance Millworks, Inc.* (1954) 126 Cal.App.2d 624, 630 [272 P.2d 780].) ■ "[T]he partners of a partnership are jointly and severally liable for the conduct and torts injuring a third party committed by one of the partners. [Citations.]" (*Black* v. *Sullivan* (1975) 48 Cal.App.3d 557, 569 [122 Cal.Rptr. 119].)

■ Without explanation or citation to authority, Schwartz asserts that if the corporate veil were pierced both Pankin and Finch would share with him in the liabilities incurred. If Schwartz means that the court's judgment would be apportioned among the three owners, he is wrong. Each "partner" named as a defendant (Schwartz and Finch) would be jointly and severally liable for any obligation of the corporation. (48 Cal.App.3d at page 569.) If Schwartz means that the "partners," though severally liable, might pay the judgment in proportion to their ownership interests, his position is flawed.

corporate veil is pierced, of the $235,700 holdback). The arguments of possible liability in excess of $200,000 are not sufficiently supported by the materials submitted. The "ballpark" is as set forth. . . . [¶] Taking all of the *Tech-Bilt* factors into account, it appears that the Settlement in this case, $20,000 is within the ball park of possible settlement value. [T]here is a probability that the parties will not be able to pierce the corporate veil, given the circumstances of the formation of the corporate entity and its purposes. If the chances of success are between 20% and 30%, which appears to this court to represent probabilities within two standard deviations. The ballpark appears to be from $18,800 to $28,200 for settlements which take into account the pre-trial settlement value of the case and discount the total recovery value as set forth in *Tech-Bilt*. This settlement, although on the low end, is within the range for good faith settlement and there is insufficient evidence of fraud, collusion or bad faith to find otherwise."

■ Schwartz assumes that Pankin and Finch would be required to contribute in proportion to their shares in the company and that therefore Schwartz would ultimately pay only 40 percent of any award. However, Pankin is not a named defendant. Thus, even under this analysis, the entire burden for Litrex's conduct would rest upon Schwartz and Finch.

■ The court erred in assuming in its calculation that a judgment against Schwartz would be 40 percent of the obligation of Litrex. Because the court based its decision upon a mathematical formula, the error prejudiced the determination that the settlement was in the "ballpark" and in good faith. We issue a writ of mandate to annul the court's ruling.

■ Issuance of a peremptory writ of mandate in the first instance is proper, as we have advised real party in interest that we might so act. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order confirming the settlement between Schwartz and MaxiTech. This court's order of September 27, 1988, staying trial in this matter, is dissolved.

Barry-Deal, Acting P. J., and Strankman, J., concurred.