995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. DEVENZEIO; Sandy A. Krause, Plaintiffs-Appellants,
v.
FIRST PACIFIC BANK, FDIC as Receiver for First Pacific Bank;
David J. Berardo, Defendants-Appellees.
 No. 91-56429.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1993.
Decided June 11, 1993.
 
 Before: WALLACE, Chief Judge, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM
 
 1
 DeVenzeio and Krause (collectively, DeVenzeio) appeal from the district court's summary judgment to Berardo. DeVenzeio argues that the court erred in concluding that no genuine issues of material fact exist regarding his RICO, fraud, negligent misrepresentation, and breach of fiduciary duty claims brought against Berardo. The district court exercised jurisdiction pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1332(a). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Before reaching the merits of DeVenzeio's arguments, we must first address a jurisdictional question. The district court granted summary judgment in favor of Berardo on July 23, 1991, but it did not enter final judgment at that time. DeVenzeio then settled with the remaining defendants (other defendants), and the district court entered an order (Order), on September 16, 1991, dismissing the "action ... without prejudice to the right, upon good cause shown within 30 days, to reopen the action if settlement is not consummated." After this Order, Berardo and DeVenzeio requested the court to enter final judgment, pursuant to Federal Rule of Civil Procedure 58, to allow DeVenzeio to bring this appeal. The court entered judgment on October 3, 1991.
 
 
 3
 The Order did not divest the court of jurisdiction to enter judgment in favor of Berardo. First, it is clear from the record that the action was settled only as between DeVenzeio and the other defendants. Thus, the Order, which dismissed the action between the settling parties, did not encompass Berardo. The Order may be characterized as one issued pursuant to Federal Rule of Civil Procedure 54(b), as it disposed of the rights and liabilities of "fewer than all of the parties." Under the terms of that Rule, if such an order does not expressly direct that judgment should be entered, the order "shall not terminate the action as to any of the claims or parties." Fed.R.Civ.P. 54(b). It did not.
 
 
 4
 Second, the Order on its face shows it is not final. The dismissal was conditional and without prejudice, and the Order explicitly provided a time period in which the parties could "reopen" the litigation. The Order in this way is analogous to a dismissal of a complaint, which is normally not considered a final order. See Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984). It is obvious from the court's subsequent entry of final judgment in favor of Berardo, and its order dismissing DeVenzeio's claims against the other defendants with prejudice, that the court did not intend the dismissal to end the litigation. See id. If the Order was not a "final decision," and therefore not appealable, clearly it could not have divested the district court of jurisdiction over the action. We hold that the district court had jurisdiction to enter final judgment in favor of Berardo.
 
 
 5
 We review the summary judgment de novo, and we apply the standard prescribed by Federal Rule of Civil Procedure 56(c). United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir.) (en banc), cert. denied, 493 U.S. 809 (1989). Under that standard, we will affirm an award of summary judgment if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As we explained in California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir.1987) (Franciscan Ceramics ), cert. denied, 484 U.S. 1006 (1988), the Supreme Court in a series of decisions clarified the obligations that nonmoving parties must meet to survive a summary judgment motion and thereby increased the utility of summary judgment. "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." Id.
 
 
 6
 DeVenzeio's claims can be divided into two groups for purposes of analysis. The first group contains only one claim, that Berardo breached his duties as escrow holder. The second group contains the remaining claims, all of which require proof that Berardo made a misrepresentation to DeVenzeio.
 
 
 7
 Under California law, "[a]n escrow holder bears a fiduciary relationship to each party; he must comply strictly with the instructions of the principals; if he disburses the property of his principals in violation of his instructions or otherwise breaches that duty, he is liable to the injured parties for breach of contract." Kirk Corp. v. First Am. Title Co., 220 Cal.App.3d 785, 806 (Ct.App.1990) (internal quotation omitted). DeVenzeio argues that Berardo breached his duty as escrow holder by disbursing DeVenzeio's funds before complying with all of DeVenzeio's escrow instructions.
 
 
 8
 The resolution of this claim depends on which set of instructions Berardo should have followed. Berardo argues that the document he received on August 26, 1988, entitled "ESCROW INSTRUCTIONS AND AGREEMENT" and signed by DeVenzeio, constituted the final and exclusive set of instructions. The district court agreed with Berardo, and so do we.
 
 
 9
 These instructions were the last ones sent to Berardo. They overlapped significantly and even conflicted somewhat with DeVenzeio's prior instructions. For example, the last set of instructions required the Deed in Lieu of Foreclosure (Deed) to be delivered to the Fidelity Trust Company, while DeVenzeio's earlier instructions, contained in a letter dated August 19, instructed that the Deed should be delivered to DeVenzeio. It seems implausible, therefore, that the last instructions sent to Berardo were not the ones DeVenzeio intended to be followed.
 
 
 10
 As we pointed out in Franciscan Ceramics, "if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." 818 F.2d at 1468. Not only has DeVenzeio failed to come forward with persuasive evidence, he has not pointed to anything in the record that suggests the last set of instructions were not the ones Berardo should have followed. Nowhere in the record is there even a denial on the part of DeVenzeio or Krause that the last instructions sent were the governing ones. DeVenzeio merely argues that no documentary evidence establishes that the last instructions were meant to supercede the earlier ones. This argument ignores the instructions themselves, and it fails to fulfill DeVenzeio's obligation to come forward with evidence that demonstrates the existence of a genuine issue for trial. See id.
 
 
 11
 The district court found that Berardo complied with the instructions sent to him on August 26, 1988. Those instructions only required one document to be delivered to DeVenzeio: the promissory note for $175,000. DeVenzeio does not dispute that this note was delivered. DeVenzeio instead argues that the Deed, which Berardo also delivered, was somehow invalid because it lacked notarization and a legal description of the property. Defects in a document Berardo was not required to deliver to DeVenzeio, however, cannot establish a breach of duty claim. Even if Berardo was required to deliver the Deed, moreover, DeVenzeio does not explain how these alleged defects precluded his recovering that to which he was otherwise entitled. The district court did not err in awarding summary judgment to Berardo on this claim.
 
 
 12
 As for those claims involving misrepresentation, the district court entered summary judgment to Berardo on the ground that DeVenzeio failed to present any evidence that Berardo knew or should have known that the alleged representations he made were false. We agree that summary judgment was properly entered on behalf of Berardo, but for reasons different from those relied upon by the district court. See Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir.1993) ("We may affirm ... on any basis supported by the record.").
 
 
 13
 There are only three alleged representations that could support DeVenzeio's fraud-based claims: (1) Berardo and others allegedly told Krause and DeVenzeio that the promissory notes from Charter Marine were "good as gold" and "bankable;" (2) Berardo told Krause that her funds would be held safely in escrow until everything was in order; and (3) Berardo represented that the transaction would be "legal" and "proper."
 
 
 14
 The first allegation must be rejected because it is insufficiently specific. Under California and federal law, allegations of fraud, for pleading purposes, must be made with sufficient specificity to allow a defendant to understand the nature of the charge made and prepare an adequate defense. See, e.g., Sun Sav. & Loan Assoc. v. Dierdorff, 825 F.2d 187, 196 (9th Cir.1987) (time, place, and manner of each fraudulent act must be alleged); Stansfield v. Starkey, 220 Cal.App.3d 59, 73 (Ct.App.1990) (facts must be pleaded which "show how, when, where, to whom, and by what means the representations were tendered" (internal quotation omitted)). Krause alleges that Berardo and several other defendants told her, at some unspecified time, in some unspecified place, and in some unspecified manner, that the notes would be as "good as gold" and "bankable." Because this general and vague allegation would be insufficient for pleading purposes, it cannot be relied upon to establish a genuine issue for trial.
 
 
 15
 The two other alleged misrepresentations cannot support allegations of fraud for the reason that DeVenzeio has not established a genuine dispute as to whether those representations are false. Both statements relate to Berardo's handling of DeVenzeio's funds, which were placed in escrow with Berardo. As we concluded above, Berardo complied with the instructions DeVenzeio sent him. By all indications, therefore, the statements Berardo allegedly made were truthful. DeVenzeio's funds were "safe" until disbursed according to DeVenzeio's instructions, and Berardo apparently did not do anything illegal or improper in carrying out his role as escrow holder. To succeed in his RICO, fraud, and negligent misrepresentation claims, DeVenzeio would have to meet his burden of proving that Berardo made a false representation, because a false representation is obviously an element of each of those claims. Summary judgment is thus warranted because DeVenzeio has failed "to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element." Franciscan Ceramics, 818 F.2d at 1468.
 
 
 16
 DeVenzeio devotes a substantial portion of his brief, finally, to arguing that the existence of two separate escrow instructions suggests foul play on the part of Berardo. He does not explain how or why, however, and we fail to see how an inference of fraud can be drawn from the mere existence of two sets of instructions. Indeed, we are at a loss to discern what, if anything, DeVenzeio lost in this transaction that he was entitled not to lose.
 
 
 17
 AFFIRMED.