**Martin QUINTANA, Plaintiff,**

v.

**Leroy BACA, Michael Antonovich, Yvonne Burke, Deane Dana, Don Knabe, Gloria Molina, Zev Yaroslavsky, Defendants.**

**No. CV 05–05414DDP(SHX).**

United States District Court,
C.D. California.

Oct. 18, 2005.

---

Stephen Yagman, Marion R. Yagman, Joseph Reichmann, Yagman & Yagman & Reichmann, Venice Beach, CA, for plaintiffs.

Michael D. Allen, David D. Lawrence, Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for defendant Baca, Louis R. Miller, Andrew Baum, Bryan Sullivan, Christensen, Miller, Fink, Jacobs, Glaser & Shapiro LLP, Los Angeles, CA, for defendants

Antonovich, Burke, Dana, Knabe, Molina, and Yaroslavsky.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

PREGERSON, District Judge.

This matter is before the Court on the plaintiff's motion to strike affirmative defenses from the defendant's answer.

### I. BACKGROUND

The plaintiff, Martin Quintana, is a member of the discrete class of persons whose defining characteristic is that they resided on the floor while in the custody of the Los Angeles County Men's Central Jail ("the Jail") because there was insufficient seating available. The plaintiff asserts that this insufficient seating violated his constitutional rights.

The plaintiff filed his complaint on July 26, 2005. One of the defendants, Leroy Baca, the Los Angeles County Sheriff, filed an answer to the complaint on August 15, 2005. Now, the plaintiff is requesting that the Court strike some of the affirmative defenses from Baca's answer.

### II. DISCUSSION

#### A. *Legal Standard*

■ Prior to serving a response, a party may move to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). To be immaterial or impertinent, the challenged material must have "no possible bearing on the controversy." *Employers Ins. v. Musick, Peeler & Garrett*, 871 F.Supp. 381, 391 (S.D.Cal.1994). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank*, 290 F.Supp.2d 1101, 1152 (C.D.Cal.2003). Accordingly, courts often require "a showing of prejudice by the moving party" before granting the requested relief. *Sec. & Exch. Comm'n v. Sands*, 902 F.Supp. 1149, 1166 (C.D.Cal.1995).

In considering a motion to strike, the Court views the pleadings in the light most favorable to the non-moving party (*see In re 2TheMart.com Secs. Litig.*, 114 F.Supp.2d 955, 965 (C.D.Cal.2000)), and resolves any doubt as to the relevance of the challenged allegations in favor of plaintiff. This is particularly true if the moving party fails to demonstrate prejudice. *Wailua Assocs., v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553–54 (D.Haw.1998) ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied. . . . ").

#### B. *Analysis*

##### 1. *Affirmative Defense: 1*

■ The plaintiff argues that the defendant's first defense should be struck. Baca's first affirmative defense alleges that the complaint fails to state a cause of action. (Answer ¶ 8.) The plaintiff asserts that failure to state a claim is a Rule 12(b)(6) motion and not an affirmative defense and is therefore deficient as a matter of law. (Mot. 5.)

The Court agrees with the plaintiff that this defense is not an affirmative defense that must be pled or waived. Not all contentions that attack a plaintiff's cause of action are affirmative defenses. Rather, a defense is an affirmative defense if it will defeat the plaintiff's claim even where the plaintiff has stated a prima facie case for recovery under the applicable law. *See Black's Law Dictionary* 451 (8th ed.2004). The first affirmative defense directly attacks the merits of the plaintiff's case, and therefore is not subject to the requirements of Fed.R.Civ.P., Rule 8(c). The Court therefore strikes Baca's first affirmative defense.

##### 2. *Affirmative Defense: 2*

■ Baca's second affirmative defense asserts that Baca is entitled to qualified immunity because (1) there is no constitutional violation, (2) the applicable law was not clearly established, and (3) reasonable officials in Baca's position could have believed their conduct lawful. (Answer ¶ 9.) The plaintiff asserts that there can be no qualified immunity because the law was clearly established, and

no reasonable officer could have believed the alleged actions were reasonable. (Mot. 5.) This is an argument that goes to the merits of the defense and should not be addressed on a motion to strike. Accordingly, the Court denies the motion to strike this defense.

### 3. Affirmative Defenses: 11, 12, 14, 15, 16, 18, 20, 21, 22, and 28

■ The plaintiff moves to strike defenses four, eleven, twelve, fourteen, fifteen, sixteen, eighteen, twenty, twenty-one, twenty-two and twenty-eight. The plaintiff asserts that these eleven defenses are either state law defenses or are not defenses recognized at law. The defendant responds that he only pled these defenses in anticipation that the plaintiff may seek to amend his complaint to include state law claims. The Court notes, however, that the plaintiff's complaint only states a claim for deprivation of the plaintiff's civil rights under 42 U.S.C. § 1983. Thus, these defenses are immaterial to the present action and are struck. Should the plaintiff later amend his complaint to include other causes of action, the defendant will have leave to amend his answer to include any newly appropriate affirmative defenses.

### 4. Affirmative Defense: 4 & 5

Baca's fourth affirmative defense asserts that Baca and his subordinates act on behalf of the state, not the County when engaged in law enforcement activities. Thus, the policies, practices, and customs alleged in the FAC would not be those of the Los Angeles County. (Answer ¶ 11.) The fifth affirmative defense asserts that Baca is immune from liability under the Eleventh Amendment of the United States Constitution. (Answer ¶ 12.) The plaintiff urges the Court to strike this defense on the grounds that there can be no defense of Eleventh Amendment immunity where the state of California is not a defendant. (Mot. 5.) The Court finds that there is a reasonable basis for these defenses to remain and denies the motion to strike.

### 5. Affirmative Defenses: 6, 10, 17, 19, 23, 24, 25, 30, and 32

The plaintiff next contends that nine of the affirmative defenses are immaterial to this action because they involve negligence-based defenses, and the only cause of action in the complaint is for the violation of the plaintiff's civil rights brought pursuant to 42 U.S.C. § 1983. (Mot. 6.)

■ The sixth affirmative defense contains a legal argument stating that simple negligence does not give rise to a civil rights violation. (Answer ¶ 13.) This directly attacks the sufficiency of the allegations in the complaint, i.e. whether it alleges facts that go to all the elements of the cause of action. Such an argument, while correct under *Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), is not an affirmative defense. The Court strikes it.

The tenth affirmative defense states that "[n]either a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law." (Answer ¶ 17.) The defendant appears to mix the defense of quasi-immunity with the standard for negligence. Because Baca pleads quasi-immunity elsewhere (*see* Answer ¶ 14.), the Court strikes this affirmative defenses as redundant.

The nineteenth and twenty-third, twenty-fourth, and twenty-fifth affirmative defenses state that the plaintiff caused the injuries he sustained by his own negligence and omissions. Again, this is not a proper affirmative defense; rather it attacks the plaintiff's contentions that the defendant caused the injuries. The Court strikes these defenses.

■ The twenty-third affirmative defense states that "[t]o the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence and damage, if any, should be reduced in direct proportion to his fault." (Answer ¶ 30.) This states the defense of comparative negligence. While this is a proper affirmative defense, the Court does not see how it is applicable to this case; i.e. how fault for the alleged floor-residing injury could be apportioned between the plaintiff and the defendant. Either the defendant failed to provide the plaintiff with sufficient seating, and this amounts to a constitutional violation, or he

did not. *Daniels v. Williams*, 474 U.S. at 330–31, 106 S.Ct. 662 (negligence does not give rise to a § 1983 claim). Accordingly, the Court strikes this defense as immaterial. The seventeenth affirmative defense (Answer ¶ 24) asserts similar arguments about apportionment and should likewise be struck.

The twenty-fourth affirmative defense amounts to a request that judgment be apportioned between the defendant and third parties found liable for the plaintiff's injuries. (Answer ¶ 31.) This is not a proper affirmative defense as it does not negate the plaintiff's cause of action. It need not be pled or risk being waived under Rule 8(c). The Court strikes it.

■ The thirtieth affirmative defense stating that Baca's "act or failure to act ... was reasonable" (Answer ¶ 37) is not an affirmative defense, but rather a conclusory allegation of fact. The Court strikes it.

■ The thirty-second affirmative defense asserts an assumption of risk defense. (Answer ¶ 39.) This defense stands for the principle that one who takes on the risk of loss, injury, or damage cannot maintain an action against a party that causes the loss, injury, or damage. *Black's Law Dictionary* 134 (8th ed.2004). While a valid affirmative defense, it has no application here where the plaintiff was in LASD custody and allegedly deprived of a seat. He did not "assume a risk" that led to his injuries. Accordingly, the Court strikes this affirmative defense.

### 6. *Affirmative Defenses: 7*

The plaintiff asserts that the seventh affirmative defense asserting quasi-judicial immunity should be struck because there is no basis for quasi-judicial immunity. Baca disagrees explaining that judicial immunity can extend to non-judicial officials when those officials take on duties that "bear a close relationship to the judicial process." (Opp'n 7.) The plaintiff's assertions go to the merits of the defense and should not be addressed on a motion to strike. Accordingly, the Court denies the motion to strike this defense.

### 6. *Affirmative Defenses; 33–44 and 47*

Finally, the plaintiff challenges the defendant's forty-seventh and thirty-third through forty-fourth affirmative defenses, including those for laches, estoppel, judicial estoppel, doctrine of unclean hands, consent, waiver, offset, release, collateral estoppel, res judicata, and law of the case. These are all proper affirmative defenses. Although the plaintiff provides only a conclusory statement that these defenses have no application in this action, the Court finds that the common law defenses are not applicable. Further the law of the case is not an affirmative defense. Accordingly, the Court strikes defenses thirty-three through forty and forty-two. The Court does not strike the forty-first affirmative defense for collateral estoppel and/or res judicata.

The forty-third and forty-fourth affirmative defense draw upon Article III of the Constitution to assert that the complaint does not present a valid case and controversy because the plaintiff lacks standing to bring this case and the plaintiff has not suffered an injury-in-fact. The contentions do not represent affirmative defenses. These issues are more properly brought before the Court in conjunction with pre-trial motions. The Court strikes these defenses as improper.

■ Finally, affirmative defense forty-seven asserts that the plaintiff is not entitled to injunctive relief since the relief sought is contrary to public policy. Determining whether an injunction either promotes or contradicts public policy goes to the heart of injunction analysis. *Chalk v. United States Dist. Court*, 840 F.2d 701, 711 (9th Cir.1988). This argument goes to the merits of the case and is inappropriately presented as an affirmative defense. Accordingly, the Court strikes this defense.

### III. CONCLUSION

Based on the foregoing, the Court orders the following defenses stricken from the defendant's answer: 1, 6, 10–12, 14–25, 28, 30, 3–40, 42–44, and 47.

IT IS SO ORDERED.