DEALERTRACK, INC., Plaintiff,

v.

David L. HUBER, Finance Express LLC, and John Doe Dealers, Defendant(s).

And Related Counterclaims.

No. CV06–23385 AGFMOX.

United States District Court, C.D. California, Southern Division.

Oct. 26, 2006.

Alexandra M. Sepulveda, Igor Shoiket, Roger L. Cook, Townsend Townsend & Crew, San Francisco, Laurie L. Levin, Richard I. Samuel, Goodwin Procter, New York, NY, Shepard M. Remis, Goodwin Procter, Boston, MA, for plaintiff.

Jon W. Gurka, Joseph R. Re, Michael William Gray, Knobbe Martens Olson and Bear, Irvine, for defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAIN-TIFF/COUNTER–CLAIM DEFEN-DANT DEALERTRACK'S (1) SPE-CIAL MOTION TO STRIKE (2) MOTION TO DISMISS FOR FAIL-URE TO STATE A CLAIM, AND (3) MOTION TO STRIKE ON GROUNDS OF INSUFFICIENCY**

GUILFORD, District Judge.

This case puts this Court in the middle of a stream of jurisprudence threatening to flood courts with lawsuits spawning lawsuits breeding still further judicial proceedings. Here, a lawsuit about intellectual property claims now involves claims of libel, and the California Anti–SLAPP statute at California Code of Civil Procedure section 425.16. The matter now focuses on one sentence in a twenty-one page complaint. The sentence alleges, on information and belief, general allegations of financial misconduct in a complaint concerning infringement of intellectual property. Because this allegation has sufficient connection to the action as a whole, occurring in a complaint, the Court finds it is protected by the litigation privilege and therefore strikes Defendants/Counter–Plaintiffs' libel claim. Complaint allegations should not so easily be allowed to spawn libel actions. But California law allows such a libel action to breed an Anti–SLAPP motion which must be granted. Accordingly, the Court must find that Defendants' libel suit is a SLAPP suit, and Plaintiff/Counter–Defendant's Motions for Failure to State a Claim for the libel claim is denied as moot. Further, the Court denies Plaintiff/Counter–Defendant's remaining Motions for Failure to State a Claim and grants Plaintiff/Counter–Defendant's Motion to Strike for Insufficiency.

**BACKGROUND**

Plaintiff/Counter–Defendant Dealertrack, Inc. ("Plaintiff") is a corporation which has developed and patented a system to provide automated credit application services to the automobile industry. (Complaint ¶¶ 7–42.) Defendant/Counter–Plaintiff John Huber ("Huber") is the President of Defendant/Counter–Plaintiff Finance Express LLC. (Compl.¶ 53.) Defendant/Counter–Plaintiff Finance Express LLC is a corporation which also offers a system providing credit application processing. (Compl.¶¶ 52, 54.) (Defendants Huber and Finance Express referred to

collectively as "Defendants.") Defendants allege that the parties entered into a Mutual Confidentiality Statement ("MCA"). (Answer ¶¶ 16–17, 33.) A representation in the MCA requires that the disclosure of confidential information was for the "sole purpose of the potential business relationship contemplated between the parties and thereafter possibly conducting negotiation with respect thereto." (*Id.*, Exh. A.) After the parties signed the MCA, Defendants demonstrated for Plaintiff the proprietary Finance Express Dealer Management System ("FEX System") twice. (*Id.* at ¶¶ 18–19.) Defendants allege that the information learned from the demonstration was used to gain an advantage in this litigation. (*Id.* at ¶¶ 22, 26–27.).

The Complaint in this action alleged patent infringement, copyright infringement in violation of 17 U.S.C. section 501, false advertising in violation of 15 U.S.C. section 1125(a), and violations of California Business and Professional Code sections 17500 et seq. The pivotal passage is found in paragraph 44 of the Complaint:

> Upon information and belief, from 1987 to 2001, Huber exhibited a repetitive pattern of behavior in the Automobile Finance Industry whereby he sold automobile retail sales contracts, gave a guarantee of payment on these contracts, and subsequently defaulted on the guarantee.

Defendants answered with a general denial and fourteen affirmative defenses, and counterclaimed on ten grounds, claiming that Plaintiff libeled Huber in paragraph 44 of the Complaint. Defendants also alleged that Plaintiff engaged in fraudulent behavior and misappropriated trade secrets. Plaintiff then filed a Special Motion to Strike Defendants' Libel Counterclaim, a Motion to Dismiss for Failure to State a Claim for Deceit, Fraud, Constructive Fraud, or Misappropriation of Trade Secrets, and a Motion to Strike several affirmative offenses on grounds of insufficiency ("Motion"). After considering the moving, opposing, and reply papers, and the oral argument, the Special Motion to Strike is granted, the Motions to Dismiss are denied, and the Motion to Strike on the Grounds of Insufficiency is granted.

## 1. PLAINTIFF'S SPECIAL MOTION TO STRIKE (ANTI–SLAPP MOTION)

### 1.1 Legal Standard

■■■ California's statute attacking Strategic Lawsuits Against Public Participation ("Anti–SLAPP statute") at California Code of Civil Procedure § 425.16 applies in federal court. *United States v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir.1999). A party filing a special motion to strike under the Anti–SLAPP statute must make an initial prima facie showing that the opposing party's suit arises from an act in furtherance of the party's right of petition or free speech. *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 682 (9th Cir.2005) citing *Braun v. Chronicle Publ'g Co.*, 52 Cal.App.4th 1036, 61 Cal.Rptr.2d 58 (1997). It need not be shown that the suit was brought with the intention to chill the party's speech. The opposing party's "intentions are ultimately beside the point." *Id.*, citing *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal.4th 53, 124 Cal. Rptr.2d 507, 52 P.3d 685 (Cal.2002).

■■ After the prima facie showing is made, the burden then shifts to the opposing party to prove a probability of prevailing on the merits. *Blanchard v. DirectTV, Inc.*, 123 Cal.App.4th 903, 912–13, 20 Cal. Rptr.3d 385 (2004), *citing* § 425.16, subd. (b)(1). To do this, the opposing party "must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by

the [non-moving party] is credited." *New. Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1099 (C.D.Cal.2004).

### 1.2 Discussion

■ Both parties agree that Plaintiff has made the initial prima facie showing regarding whether paragraph 44 of the Complaint arises from an act in furtherance of the party's free speech. Thus, the sole issue is whether Defendants have satisfied their burden to demonstrate a probability of prevailing on the merits. Cal. Civ.Proc.Code § 425.16(b)(1). Plaintiff argues that Defendants cannot demonstrate a probability of success because the libel claim is barred under California's privilege for judicial proceedings. (Cal. Civ.Code. § 47; Motion at p. 7–8.) Defendants argue that this litigation privilege does not apply under the four-factor test found in *Silberg v. Anderson*, 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (Cal.1990). (Defendants–Counterclaimants' Opposition to Plaintiff–Counterclaim Defendant's Consolidated Special Motion to Strike, Motion to Dismiss for a Failure State a Claim and Motion to Strike on Grounds of Insufficiency ("Opposition") at p. 3.)

■ The *Silberg* test establishes that the litigation privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. *Silberg*, 50 Cal.3d at 212, 266 Cal.Rptr. 638, 786 P.2d 365. "Any doubt about whether the privilege applies is resolved in favor of applying it." *American Products Co., Inc. v. Law Offices of Geller, Stewart & Foley, LLP*, 134 Cal.App.4th 1332, 1343, 37 Cal.Rptr.3d 93 (2005) citing *Kashian v. Harriman*, 98 Cal. App.4th 892, 912–913, 120 Cal.Rptr.2d 576 (2002). The Court finds that the state-

ment in paragraph 44 of the Complaint satisfies these factors.

First, the statement was made within the judicial pleadings, and therefore directly occurred within the judicial proceedings. Second, the statement was made by a litigant. Third, Plaintiff made such statements in its complaint, which is an essential document in the litigation and necessary to achieve the objects of the litigation. In this case, the Court is particularly persuaded by the fact that the statements were made in the complaint, not outside of the courtroom or in ancillary documents. *See California Physicians' Service v. Superior Court*, 9 Cal.App.4th 1321, 1330, 12 Cal.Rptr.2d 95 (1992). "Pleadings and process in a case are generally viewed as privileged communications." *Navellier v. Sletten*, 106 Cal. App.4th 763, 770, 131 Cal.Rptr.2d 201 (2003). Statements made in pleadings are generally viewed as privileged communication precisely because the litigation privilege was intended to grant litigants the "utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg*, 50 Cal.3d at 213, 266 Cal.Rptr. 638, 786 P.2d 365; *Rubin v. Green*, 4 Cal.4th 1187, 17 Cal.Rptr.2d 828, 847 P.2d 1044 (1993). Allowing a complaint allegation like that in paragraph 44 to support libel claims would cause plaintiffs to fear or second guess making the general allegations involved at this stage of litigation. This is exactly what the litigation privilege is designed to prevent.

Defendants ignore the problem of crying libel over a statement made in pleadings and focus on the fourth factor of the *Silberg* test, arguing that the statement in paragraph 44 is not related or connected to the subject of this case. (Opposition at p. 4–8.) The Court disagrees, finding that in an intellectual property dispute, allega-

tions relating to the reputation of the potential infringer are not "so palpably irrelevant to the subject matter of the action that no reasonable person could doubt its irrelevancy." *Sacramento Brewing Co. v. Desmond, Miller & Desmond,* 75 Cal. App.4th 1082, 1090, 89 Cal.Rptr.2d 760 (1999). Thus, the litigation privilege encompasses the allegations of paragraph 44. As the litigation privilege operates as an absolute bar to liability for libel, *Rothman v. Jackson,* 49 Cal.App.4th 1134, 1140, 57 Cal.Rptr.2d 284 (1996), Plaintiff's Special Motion To Strike the First Counterclaim is granted under California Code of Civil Procedure section 425.16.

## 2. PLAINTIFF'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6))

### 2.1 Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support such a theory). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 670 (9th Cir.1993); *Balistreri,* 901 F.2d at 699.

### 2.2 Motion to Dismiss Defendants' Third and Fourth Counterclaims (Deceit and Fraud)

 Plaintiff challenges Defendants' third and fourth counterclaims alleging deceit and fraud against Plaintiff under California Civil Code sections 1709 and 1572. (Motion at p. 15–17.) A claim for fraud or deceit requires allegations of "a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey,* 220 Cal.App.3d 59, 72, 269 Cal.Rptr. 337 (1990) citing Cal. Civ.Code, §§ 1709, 1710. *See also Moore v. Brewster,* 96 F.3d 1240, 1245 (9th Cir.1996) (quoting *Bank of the West v. Valley Nat'l Bank of Ariz.,* 41 F.3d 471, 477 (9th Cir.1994), quoting *Hackethal v. Nat'l Cas. Co.,* 189 Cal.App.3d 1102, 234 Cal.Rptr. 853 (Cal.Ct.App.1987)). Plaintiff argues that the fraud counterclaims must be dismissed because "[n]owhere in the counterclaims [do Defendants] specify who, what, when, where, and how [Plaintiff] demonstrated a false intent to seriously evaluate a potential transaction between the parties." (Motion at p. 16.) Plaintiff asserts that the counterclaims fail to allege with particularity that Plaintiff intentionally made knowingly false representations to Defendants, that Defendants relied on them, and that Defendants suffered damages. (*Id.* at 17.) The Court disagrees.

Allegations of fraud must meet the heightened pleading standards of Federal Rule Civil Procedure 9(b). Courts have stated that pleading fraud necessitates pleading such facts in the complaint "as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993); See also *In re GlenFed, Inc. Securities Litigation,* 42

F.3d 1541, 1548 (9th Cir.1994) (en banc) (requiring that plaintiff include statements regarding the time, place, and nature of the alleged fraudulent activities). Conclusory allegations are insufficient. Fed. R. Civ. Proc. 9(b); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir.1989) ("While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.")

Here, Defendants have alleged specifically that the representations were made, who made them, when they were made, and why they were made. Defendants allege that the misrepresentations were made on or about October 6, 2005, when the parties entered into the MCA. (Answer of Defendants David L. Huber and Finance Express, LLC to Complaint and Counterclaims ("Answer/Counterclaim") ¶¶ 16–17, 33.) Defendants provide the misrepresentation and the details specifying why the statement was misleading. (*Id.* at ¶¶ 22, 32–33, 35–36, 40–41, 45–49, Exh. A.) Defendants allege that Defendants demonstrated the FEX System twice for Plaintiff in reliance on this misrepresentation. (*Id.* at 18–19.) Defendants allege on information and belief that the information learned from the demonstration was used to gain an advantage in this litigation, and has caused damage. (*Id.* at 22, 26–27). Defendants have thus pleaded with particularity the elements of the misrepresentation.

Plaintiff's Motions to Dismiss The Third and Fourth Counterclaims are denied.

## 2.3 Motion to Dismiss Defendants' Fifth Counterclaim (Constructive Fraud)

█ Defendants' fifth counterclaim alleges that Plaintiff engaged in constructive fraud under California Civil Code section 1573. (Motion at p. 16–17.) To state a claim for constructive fraud, a party must allege (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage. *Assilzadeh v. California Federal Bank*, 82 Cal. App.4th 399, 414, 98 Cal.Rptr.2d 176 (2000) ("Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship. As a general principle constructive fraud comprises any act, omission or concealment involving a breach of legal or equitable duty, trust or confidence which results in damage to another even though the conduct is not otherwise fraudulent." (citations omitted)). *See also In re Harmon*, 250 F.3d 1240, 1249, n. 10 (9th Cir.2001) (citing *Assilzadeh*, supra).

Defendants have sufficiently pleaded that a confidential relationship was created when the Defendants and Plaintiff signed the MCA, and Plaintiff's motion to dismiss the constructive fraud claim fails as a result. As detailed above, Defendants have sufficiently alleged a breach of the relationship, reliance on the relationship, and damage. Accordingly, Plaintiff's Motion to Dismiss the Fifth Counterclaim is denied.

## 2.4 Motion to Dismiss Defendants' Sixth Counterclaim

Defendants' Sixth Counterclaim alleges that Plaintiff misappropriated Defendants' trade secrets. (Motion at p. 17–18.) To state a claim for misappropriation of trade secrets under the Uniform Trade Secrets Act ("UTSA"), Plaintiff must plead two primary elements: (1) the existence of a trade secret, and (2) misappropriation of the trade secret. *See* California Civil Code § 3426.1(b). Plaintiff argues that Defendants have not alleged both elements.

█ Plaintiff argues that Defendants do not "make any allegations that the 'trade secrets' to which it refers actually constitute legally protected information." (Motion at p. 18.) The test for the

existence of trade secrets is "whether the matter sought to be protected is information (1) which is valuable because it is unknown to others and (2) which the owner has attempted to keep secret." *Whyte v. Schlage Lock Co.*, 101 Cal.App.4th 1443, 125 Cal.Rptr.2d 277 (2002). Defendants allege that the FEX System is the trade secret to be protected. (Answer/Counterclaim ¶ 18.) Further, Defendants allege that the owner attempted to keep it secret by requiring a mutual confidentiality agreement before demonstrating the system. (*Id.* at ¶¶ 15–19.) Requiring other corporations to sign confidentiality agreements is a reasonable step to ensure secrecy. Thus, Defendants have adequately alleged a trade secret.

■■■ Plaintiff also argues that Defendants have not alleged the misappropriation of the trade secret because Defendants have not alleged use of the information obtained. (Motion at p. 18.) But the UTSA does not require such allegations. Instead, the UTSA provides that misappropriation may be demonstrated by alleging the "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means." Cal. Civ. Code § 3426.1(b)(1). As noted, Defendants have sufficiently alleged that Plaintiff improperly acquired the trade secrets. (Answer/Counterclaim ¶¶ 22, 32–33, 35–36, 40–41, 45–49.) Accordingly, Plaintiff's motion to dismiss Defendants' misappropriation of trade secrets claim is denied.

## 3. PLAINTIFF'S MOTION TO STRIKE (FRCP 12(f))

### 3.1 Legal Standard

In reviewing a Motion to Strike under the Federal Rule of Civil Procedure 12(f), the Court must "view the pleading in the light most favorable to the non-moving party, and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party." *See Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D.Cal.2003) (citing *In re 2TheMart.com Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D.Cal.2000)) (citation omitted); *see also Wailua Assocs. v. Aetna Cas. and Sur. Co.*, 183 F.R.D. 550, 553–54 (D.Haw.1998) (stating that a "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied.")

### 3.2 Defendants' First Affirmative Defense: Failure to State a Claim

Plaintiff argues that the first affirmative defense is improperly pleaded. The Court grants the Motion without leave to amend as to Defendants' First Affirmative Defense because it simply alleges the Plaintiff has failed to state a claim upon which relief can be granted, which is not an affirmative defense. *See Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D.Cal.2005). Answers often include this as an affirmative defense, usually as the first affirmative defense, but it actually is merely an unnecessary description of the grounds for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

### 3.3 Defendants' Eighth Affirmative Defense: Innocent Intent

Plaintiff argues that Defendants' eighth affirmative defense, called "Innocent Intent," is improper. (Motion at p. 20.) Defendants do not oppose Plaintiff's motion. (Opposition at p. 24.) The Motion is therefore granted without leave to amend as to Defendants' Eighth Affirmative Defense.

*DISPOSITION*

As noted, Plaintiff's special motion to strike under California's Anti–SLAPP statute is granted. Since the libel claim has been stricken under California Code of Civil Procedure section 425.16, Plaintiff's Motion to Dismiss the Libel Count is denied as Moot. Plaintiff's Motion to Strike on Grounds of Insufficiency is granted.

IT IS SO ORDERED.