Filed 1/27/23 Rezzadeh v. PARS-15 CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RUDY REZZADEH, | F083239 |
| Plaintiff and Appellant, | (Super. Ct. No. BCV-19-103102) |
| v. | |
| PARS-15, LLC et al., | **OPINION** |
| Defendants and Respondents. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. H. A. Staley, Temporary Judge (pursuant to Cal. Const. art. VI, § 21), and David R. Lampe, Judge.[*]

Law Office of Lee David Lubin and Lee D. Lubin for Plaintiff and Appellant.

Tressler, Karl P. Schlecht and Bicvan T. Brown for Defendants and Respondents.

-ooOoo-

---

[*]  Judge Staley issued the order ruling on respondents' demurrer; Judge Lampe issued the dismissal order and judgment.

Appellant Rudy Rezzadeh appeals following dismissal after the trial court granted a demurrer to his complaint alleging respondents PARS-15, LLC (PARS) and John C. Chiu (Chiu) failed to comply with a settlement agreement entered in a prior case. The trial court granted the demurrer primarily on res judicata and collateral estoppel grounds, with appellant's fraud claim also dismissed on alternative grounds for failure to plead with particularity. For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On October 31, 2019, appellant filed a complaint relating to issues that had arisen in enforcing a settlement in a prior case between appellant and respondents. Details of the transaction leading to the original litigation and settlement in the prior case are contained in *Rezzadeh v. Chiu*, *supra*, F080263, which we incorporate for reference and summarize briefly.

As we detailed previously, in 2016, appellant (the buyer) and Chiu, acting on behalf of PARS (the seller), had entered into a residential income property purchase agreement relating to the sale of an apartment complex in Kern County for $6.5 million, with escrow to close 120 days after acceptance. Problems arose, and by August 2016, appellant filed suit seeking specific performance and alleging that Chiu attempted to cancel the sale. This suit resulted in a settlement that was placed on the record in March 2019.

Additional problems arose, however, and appellant ultimately filed a motion to enforce the settlement agreement after respondents failed to approve appellant's request to extend escrow and eventually canceled escrow. On October 23, 2019, the court denied this request.

---

[1] Appellant has filed a request for judicial notice relating to documents filed in Kern Superior Court case No. BCV-16-101978, the litigation leading to our nonpublished opinion (*Rezzadeh v. Chiu* (Dec. 13, 2021, F080263)) in the prior case. No objections have been filed. Upon review, appellant's request for judicial notice filed February 9, 2022, is GRANTED.

In our prior summary of that order, we explained that the trial court made several relevant findings of fact and conclusions of law. With respect to the terms and conditions of the prior settlement, the trial court found: "1) the Parties agreed to a $6,550,000 sale price subject to the terms of the original escrow instructions and contract, 2) the original sale was all-cash with no loan contingencies, 3) pursuant to paragraph 38 of the original contract, time was of the essence, 4) the Parties agreed to start a four-month escrow on March 18, 2019, 5) only Seller had the option to extend the escrow, and 6) Seller agreed to 'cooperate and provide financial records and rent rolls to the buyer.' "

The court then found that respondents had provided a substantial number of documents required to effectuate the close of escrow and had done so within the timelines of the settlement. The court also recognized that appellant's lender " 'was satisfied with the documents provided' " as of July 16, 2019, that by agreement only the seller could extend escrow past July 18, 2019, that "Seller was ready to fully perform on or before the final day of escrow," and that "Buyer failed to deposit any of the remaining $6,360,000 purchase monies needed to timely close escrow." Thus, the court found that "[e]scrow closed, no funds were received, and Seller [now] seeks to cancel escrow," noting that "after escrow expired and [no] funds were received, Seller cancelled escrow and does not want to move forward with the untimely transaction."

The court determined that "time was of the essence, Buyer made no final payment, Buyer presented no evidence of waiver or potential forfeiture, and Seller did not waive the timeliness requirement." Accordingly, "the transaction was terminated, and Seller was within its right to cancel the contract." The court wrapped up its findings with a conclusion that "Seller did not prevent Buyer's performance." Although noting "an important exception to discharge … wherein seller's failure to perform prevents the buyer from performing," the court found that "Seller provided Buyer with enough information to timely close." The court thus determined appellant received his benefit of the bargain

3.

but chose not to complete the sale. This warranted denying appellant's motion to enforce the settlement agreement.

Eight days after the trial court's order, appellant filed the present lawsuit. Appellant repeated the primary allegations from his motion to enforce the settlement in the prior case, outlining the parties' agreement and settlement, including references to their prior settlement conference and statements made to the court by the attorneys involved. Appellant again detailed how he made requests for documents and was either not provided certain documents or provided them at a time appellant deemed ineffective to close. And appellant detailed the provisions for cancellation and the steps actually taken by respondents to cancel escrow. Based on these facts, appellant identified four causes of action, specific performance, breach of the covenant of good faith and fair dealing, fraud, and declaratory relief.

Respondents demurred to the complaint, alleging the four claims were barred by res judicata principles and that the fraud action was additionally improper for failing to plead with proper specificity. In March 2020, the trial court granted this demurrer. The court concluded the first three claims were barred by res judicata principles, identifying one or both of claim and issue preclusion as the basis for preclusion. The declaratory relief claim was dismissed due to a lack of an actual controversy given the res judicata findings on the other three claims. The fraud claim was also rejected for not being pled "with the required particularity required for a fraud allegation." Appellant was provided with 15 days to amend. However, a stipulated dismissal was entered instead to permit this appeal. The present appeal was then timely filed.

Subsequently, in December 2021, this court resolved the appeal in the prior case. In *Rezzadeh v. Chiu*, *supra*, F080263, we found the trial court's factual findings were supported by substantial evidence and, thus, that respondents had not breached the settlement agreement by failing to provide documents or by failing to provide them in a timely manner. We reversed the trial court's order, however, because we identified a

4.

provision of the parties' contract that respondents had failed to comply with when terminating escrow, a three-day notice period. Based on this provision and a review of the case law, we determined that the trial court had wrongly concluded respondents could terminate the agreement without providing the specified notice. We thus remanded with instructions that the trial court enter an order requiring respondents to provide a demand to close escrow and a three-day opportunity to do so before terminating the purchase agreement incorporated into the parties' settlement.

## DISCUSSION

Appellant's arguments on appeal break into two general categories. First, is the applicability of the doctrines of claim and issue preclusion based on the order issued in the prior case that was reversed on appeal by this court. Within this category, appellant differentiates his contract claims from his fraud claim. Second, is whether appellant has properly pleaded a fraud claim regardless of the claim and issue preclusion issues.

*Res Judicata Issues*

" 'Res judicata prohibits the relitigation of claims and issues which have already been adjudicated in an earlier proceeding. The doctrine has two components. " 'In its primary aspect the doctrine of res judicata [or "claim preclusion"] operates as a bar to the maintenance of a second suit between the same parties on the same cause of action.' … The secondary aspect is 'collateral estoppel' or 'issue preclusion,' which does not bar a second action but 'precludes a party to an action from relitigating in a second proceeding matters litigated and determined in a prior proceeding.' " ' " (*Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1563.)

"Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. [Citations.] If claim preclusion is established, it operates to bar relitigation of the claim altogether." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) "Whether causes of action in two lawsuits are the same for purposes of res judicata depends on

whether they involve the same 'primary right.' " (*The Inland Oversight Committee v. City of San Bernardino* (2018) 27 Cal.App.5th 771, 779 (*Inland*).) "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*DKN Holdings LLC*, at p. 825.) "Both collateral and direct estoppel have the ' "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." ' " (*Border Business Park, Inc. v. City of San Diego*, *supra*, 142 Cal.App.4th at p. 1563.)

"On appeal from a judgment dismissing an action after sustaining a demurrer, we review de novo whether the complaint states facts sufficient to constitute a cause of action under any legal theory." (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1218.) "Because it is a question of law, we review de novo the trial court's conclusion that res judicata was applicable in this case." (*Ibid.*)

Appellant recognizes that at least his contract claims, those seeking specific performance and declaratory relief as well as alleging a breach of the covenant of good faith and fair dealing, share similar factual issues with those decided in the motion to enforce settlement. Appellant claims, however, that these claims should not be barred by res judicata principles both because appellant did not have a full evidentiary hearing and because the order relied upon by the trial court was reversed on appeal and thus not final. Appellant raises the same issues with respect to his fraud claim but, in the context of the res judicata issues, also alleges this claim could not have been raised at an earlier point.

Appellant's claim there was no final judgment at the time of the court's order is fundamentally sound. "Under California law, a judgment 'is not final for purposes of res judicata during the pendency of and until the resolution of the appeal.' " (*Inland*, *supra*, 27 Cal.App.5th at p. 780.) When the trial court issued its order granting the demurrer, the

6.

order on the motion to enforce the settlement agreement was still subject to appeal. Res judicata principles thus could not attach to the order at that time.

Contrary to appellant's position, though, an order on appellant's motion to enforce the settlement agreement can support res judicata claims. (See *Smith v. Golden Eagle Ins. Co.* (1999) 69 Cal.App.4th 1371, 1374–1375 [upholding collateral estoppel claim based on court's findings on motion to enforce settlement].) "[Code of Civil Procedure s]ection 664.6 was enacted to provide a summary procedure for specifically enforcing a settlement contract without the need for a new lawsuit." (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809.) It is well settled that the trial court has the authority to "receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment," which includes the ability to take oral testimony if necessary. (*Id.* at p. 810; see *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 432, fn. 1 [recognizing that because the procedure is a substitute for summary judgment in a new action, a court enforcing a settlement agreement can determine disputed facts, either solely on declarations or with oral testimony].) Given that a full hearing on appellant's claims is permitted by statute, a final judgment relating to appellant's motion to enforce the terms of the parties' settlement could support restrictions on a new action.

Further, our prior opinion (*Rezzadeh v. Chiu*, *supra*, F080263) is entitled to preclusive effect at this time. Our prior opinion found the trial court had properly determined respondents had not violated the terms of the settlement agreement by failing to provide additional documentation to appellant, but noted the court erred in concluding respondents had properly dissolved the transaction because the parties had agreed upon a three-day notice period before such an action could take place. These determinations were necessary to the litigation given that appellant sought a ruling that respondents had failed to comply with their portion of the agreement and thus could not cancel escrow. (See *Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 83 [an issue is necessarily

7.

decided for collateral estoppel issues when its determination was not entirely unnecessary to the judgment].)

We then remanded for the trial court to enter an order enforcing the settlement agreement's requirement for such notice before any finding the transaction had been cancelled. The remittitur has issued, and our prior opinion has become final. Thus, the facts affirmed in our prior opinion are sufficiently final to support preclusion. (See *Inland*, *supra*, 27 Cal.App.5th at pp. 780–781 [finding order that had become final during pendency of appeal was proper basis for claim and issue preclusion based on principle appellate courts conduct a de novo review of the sufficiency of pleadings and review the trial court's ruling, not its reasoning]; Rest.2d Judgments, §27, com. o, p. 263 ["If a judgment rendered by a court of first instance is reversed by the appellate court and a final judgment is entered by the appellate court (or by the court of first instance in pursuance of the mandate of the appellate court), this latter judgment is conclusive between the parties."].)

We therefore find no error in the trial court's application of issue preclusion to those claims relying on facts adversely decided by the trial court in its initial order. Similarly, given appellant's specific performance claim is the same claim raised in the motion to enforce settlement, it is properly barred by claim preclusion.[2]

Appellant seeks to differentiate his fraud claim on the ground "it was not raised or decided, nor could it have been." Appellant's argument, however, relies on the previously rejected assertion that there was not "a full opportunity (nay any opportunity) to present his claims of fraud in the negotiation of the settlement." A review of the

---

[2]     Appellant's contract-based claims are also potentially barred under the doctrine of election of remedies. (See *Writers Guild of America, West, Inc. v. Screen Gems, Inc.* (1969) 274 Cal.App.2d 367, 375 [" 'To permit a party to proceed with an action until an unfavorable decision on a motion is rendered and then allow it to resort, against the wishes of the adversary, to [a subsequent action], where a better result is hoped for, would cause an unnecessary waste of time and effort to all concerned and is a fundamentally unfair procedure which should not be encouraged.' "].)

underlying complaint shows appellant's fraud claims are primarily premised on the same factual assertions rejected by the trial court in the motion to enforce the settlement agreement in the prior case. In this instance, however, the fact that the trial court's order could support application of res judicata principles does not fully resolve the dispute. This is so because one of the claims underlying appellant's claim was that respondents' improper cancellation of escrow demonstrated their fraudulent intent. In our discussion of the trial court's order in the prior case, we found that respondents had, in fact, improperly cancelled the escrow because the required three-day notice to perform was not provided. Accordingly, because the findings underlying the res judicata claim do not preclude the entirety of appellant's fraud claim, the claim cannot be dismissed.

*Fraud Claim Pleading Issues*

Aside from the res judicata issues, the trial court also dismissed appellant's fraud claim on the ground appellant had not satisfied the strict pleading requirements for such claims. "In California, fraud must be pled specifically; general and conclusory allegations do not suffice. [Citations.] 'Thus " 'the policy of liberal construction of the pleadings … will not ordinarily be invoked to sustain a pleading defective in any material respect.' " [Citation.] [¶] This particularity requirement necessitates pleading *facts* which "show how, when, where, to whom, and by what means the representations were tendered." ' " (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645, first bracketed insertion added.) We review a trial court's decision sustaining a demurrer for an abuse of discretion. (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 72.)

"The elements of fraud or deceit (see Civ. Code, §§ 1709, 1710) are: a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damage resulting from that justifiable reliance. [Citations.] [¶] 'Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient

specificity to allow defendant to understand fully the nature of the charge made.' "
(*Stansfield v. Starkey*, *supra*, 220 Cal.App.3d at pp. 72–73.)

Upon review of the pleadings in this case, we see no abuse of discretion in the trial court's determination. Appellant's fraud pleadings are improperly general and conclusory in several instances. As an example, appellant alleges that "CHIU … represented to [appellant] that he (CHIU) and PARS would comply with the terms of the Court Settlement and the incorporated Purchase Agreement and Addendum, and cooperate with [appellant] in the transaction." Appellant then asserts that Chiu "knew that his representations were false at the time that he made them, because CHIU had no intention of cooperating with [appellant] in any manner with regard to [appellant's] purchase of the Property."

This type of pleading provides no indication as to which specific statements Chiu made that appellant alleges were fraudulent. Rather, the allegations generally allege that an agreement was reached but respondents' actions following that agreement indicate it was fraudulently obtained. As respondents note, this general type of allegation causes conflict with other portions of appellant's pleadings where he specifically acknowledges that respondents provided documents relevant to closing the transaction, an act that contradicts the general assertion that respondents had no intention of cooperating in any manner. Further, while the allegations contend some promises were made, they do not detail the specific statements made nor in what context they arose. It is equally possible, then, that the factual claim pursued is that signing the agreement constituted the relevant fraudulent statement. Such vague contentions are insufficient to satisfy the heightened pleading standards for a fraud claim.[3] (See *Michaelian v. State Comp. Ins. Fund* (1996)

---

[3] Appellant argues this court should remand so he can amend to allege continuing damages in the form of lost rents from the failure to properly close escrow. While appellant may be able to seek such damages, either generally or through a motion to enforce the settlement in the prior case, an alternative or additive theory of damages does not warrant remand when no claims remain alleged in the action.

50 Cal.App.4th 1093, 1113 [allegations relying on content of letter insufficient where letter did not contain promises allegedly fraudulently made].)

## DISPOSITION

The judgment is affirmed. Respondents are entitled to costs on appeal.

HILL, P. J.

WE CONCUR:

LEVY, J.

DETJEN, J.