Filed 12/22/23  Bein v. Seeley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| STEVEN P. BEIN, Individually and as Trustee, etc. et al., Plaintiffs and Appellants, v. KENNETH SEELEY et al., Defendants and Respondents. | D082252 (Super. Ct. No. PSC1909326) |

APPEAL from a judgment of the Superior Court of Riverside County, Manuel Bustamante, Judge.  Affirmed.

Steinhart Law Offices and Terran T. Steinhart for Plaintiffs and Appellants.

Apex Law and Thomas N. FitzGibbon for Defendants and Respondents.

Plaintiffs and appellants Steven P. Bein, individually and as Trustee of the Basco Trust Dated December 15, 1989, a Living Trust and Tuscany 350 LLC (collectively "Bein"), appeal a judgment entered after the court sustained a demurrer without leave to amend by defendants and respondents Kenneth Seeley, Eric McLaughlin and Tuscany Manor, LLC (collectively "sellers") to the operative fourth amended complaint.

Bein contends the court erroneously concluded that he failed to state causes of action for intentional misrepresentation and breach of contract in the complaint, and that his declaratory relief claim lacked merit. He alternatively contends the court should have allowed him leave to amend. We affirm.

FACTUAL AND PROCEDURAL SUMMARY[1]

*Bein's Complaint*

In October 2017, Bein began negotiating with sellers for the purchase of real property (the property), which was operating as Sovereign Health of California, Inc. (Sovereign Health), a sober-living facility located in Palm Springs (City). In November 2017, Bein obtained an initial professional appraisal of the property, and the appraiser took into consideration that the property was used as a sober-living facility "with actual rents (private funds rented on a per bed basis)."

Before proceeding with the purchase, Bein was primarily concerned that Sovereign Health could lawfully operate as a sober-living facility under the lease, and that it was able to timely pay rent. He alleged that sellers, who have experience operating sober-living facilities, were involved in a protracted dispute with City over their compliance with zoning laws for a different facility they managed.

---

[1] We state the facts from the well-pleaded allegations of the operative complaint, and also accept and give precedence to facts appearing in attached exhibits. (*Zolly v. City of Oakland* (2022) 13 Cal.5th 780, 786; see also *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2 Cal.5th 505, 512; *Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 505.) Bein attached to his complaint a commercial lease agreement between sellers and Sovereign Health, a purchase agreement for the subject property, and addendums to the purchase agreement, labelled Addendum No. 01, and Addendum No. 1.

2

Bein reviewed Sovereign Health's 2015 lease agreement, which states in paragraph No. 40: "It is expressly agreed by landlord, as a material consideration for the execution of this lease, that the premises may be used by tenant [Sovereign Health] as a sober-living facility ('agreed use'). Landlord warrants that the premises are zoned for the agreed use." (Some capitalization omitted.)

During the sale negotiations, Bein proposed that sellers sign a document, "Addendum No. 01," which Bein signed. It states in relevant part (referring to the sellers in singular): "Seller has no negative, undisclosed information on either the possible renewing of the Sovereign Health contract in about 3 years, has no negative information of possibility of Sovereign Health forfeiting its contract." Although Bein's real estate broker, identified in the complaint only as "Mogavero," informed Bein that sellers had signed that addendum, that "was an intentionally false statement of fact. No copy of [that document as signed by sellers] was ever deposited into the escrow for the subject transaction[.]"[2] Instead, sellers signed a different document

---

[2]    Bein alleges in his complaint that initially Mogavero and another entity, Desert Properties, were parties to the lawsuit but he subsequently settled all claims against them and dismissed them as defendants.

3

identified as "Addendum No. 1." Mogavero forged Bein's name on that document, which was deposited into escrow.[3]

In December 2017, the sale transaction was completed, and Bein paid $4.9 million for the property.

The purchase agreement's paragraph No. 13 states that sellers will provide certain documentation and additional disclosure to Bein within the time specified in paragraph No. 19, including "copies of all permits and approvals concerning the property, obtained from any governmental entity, including, but not limited to, certificates of occupancy, conditional use permits, developmental plans, and licenses and permits pertaining to the operation of the property." (Some capitalization omitted.)

The purchase agreement's paragraph No. 19 provides for "certain time periods; removal of contingencies; cancellation rights." (Capitalization omitted.) Under paragraph No. 19, sellers were to deliver certain documents to buyer by a set timeline, buyer was to complete investigations within a set timeline, and by the end of the time specified, the buyer had the option to either deliver to sellers a removal of the applicable contingency or cancel the agreement.

---

[3] The forged addendum No. 1 provides in relevant part: "1. Seller agrees to not sign any future rental contracts with tenant (Sovereign [Health]) within 30 miles of subject property for five years from the closing date of this sale. This non-compete clause is not applicable to the current contracts or renewals on those contracts that seller currently has with Sovereign [Health] in Palm Springs. [¶] . . . [¶] 3. Seller will cooperate in accepting buyer assignee after close of escrow at no expense to seller. This assignment shall be reasonable and in now [*sic*] way lessen sellers['] security in the property. If seller needs to hire an attorney to review any requested documents, buyer to pay reasonable fee for such service. [¶] 4. Seller will request an estoppel certificate from Sovereign [Health]." (Some capitalization omitted.)

4

The purchase agreement contains an integration clause in paragraph No. 38: "All understandings between the parties are incorporated in this agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. . . . Neither this agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing signed by buyer and seller." (Some capitalization omitted.)

In February 2018, Bein discovered Mogavero's forgery after Bein's dog chewed up some documents related to the sale. Bein obtained a replacement copy of the files from the escrow company, and saw the files omitted Addendum No. 01, and instead his signature was forged on the separate document, Addendum No. 1, which contained different terms that Bein had not seen before.

After Bein took possession of the property, "Sovereign Health paid its rent under the lease for January, February and March 2018, but paid no further rent under the lease. Sovereign Health ultimately vacated its possession of the subject real property on or about July 15, 2018." (Some capitalization omitted.)

Around October 2018, Bein asked unnamed persons, including a City clerk and a City attorney, about using the purchased property as a sober-living facility. They informed him the property was not zoned for such use. Accordingly, between October 2018 and March 2019, Bein converted the property to a hotel.

5

In December 2019, Bein filed an initial complaint against sellers. The court sustained demurrers to successive complaints. In the operative complaint, Bein alleges causes of action for intentional misrepresentation regarding zoning, and breach of the purchase agreement. He also seeks declaratory relief in the form of restitution.

*Sellers' Demurrer*

Sellers in their demurrer argued the intentional misrepresentation cause of action failed as a matter of law because the purported misrepresentation is in the lease they signed with Sovereign Health, and not part of the purchase agreement with Bein. Sellers further argued that under City's Municipal Code, a sober-living facility is a residential use; therefore, their statement in the lease is true. Finally, they argued Bein's conclusory allegations of intent are not sufficiently particularized as required for a fraud cause of action.

Sellers argued the declaratory relief claim failed because California law requires mutual assent to be ascertained objectively; further, it was Mogavero, and not sellers, who committed the forgery. Sellers concluded that, at most, "Bein allege[d] (a) fraud by forgery by Mogavero, or (b) a unilateral mistake by Bein part [*sic*] because of fraud by his broker, which cannot justify relief against innocent parties like sellers." (Some capitalization omitted.) They also argued that the alleged facts "are all completely in the past and no future rights are alleged to be resolved between the parties."

Sellers argued Bein improperly added the breach of contract cause of action without the court's permission and, in any event, he failed to state a cause of action because he relied solely on their asserted failure to provide him "a due diligence document, a business license, but the purchase

6

agreement provides in paragraph [No.] 19.E that by waiving contingencies, [Bein] has accepted the sufficiency of the disclosures. . . . If [Bein] wants a specific due diligence document, [he] should refuse to waive the contingency; [he] cannot represent to seller that [he] has accepted the sufficiency of the due diligence, then years later claim breach of contract because a business license was not provided." (Some capitalization omitted.)

*Bein's Opposition to the Demurrer*

Bein argued in opposition: "Although the warranted statement regarding zoning in the lease was made to tenant Sovereign Health and not to Bein, under the circumstances of this case [he] was legally entitled to reasonably rely on his belief in the truth of the statement." (Some capitalization and emphasis omitted.)

Bein argued as to the declaratory relief request that no legally formed contract existed because, based on the forgery, there was no meeting of the minds as to the material provision contained in Addendum No. 01. Bein added that sellers "mischaracterize[d his claim] as an action for rescission of a contract based upon Bein's unilateral mistake, and then contend that the cause of action fails because rescission on that ground requires some fault on the part of the non-rescinding party and [sellers] are innocent parties with respect to the forgery and concomitant fraud related to it." But Bein acknowledged that the remedy he sought was an unwinding of the purchase transaction, which is "the same remedy that would be appropriate if the purchase agreement were validly formed and thereafter rescinded." (Some capitalization omitted.)

Bein argued regarding the breach of contract cause of action that Mogavero also forged his signature on the waiver of contingencies form. Bein alternatively argued that even if there was no forgery, his signing of the form

7

did not prohibit him from effectively alleging that sellers breached paragraph Nos. 13 and 14 of the purchase agreement. He specifically argued he did not receive a license that sellers purportedly obtained allowing them to operate Sovereign Health as apartments: "Sellers' failure to deliver to [him] the business license for the operation of 'Apartments' issued by the City on or about November 1, 2017, pursuant to defendants' application for that permit, is a direct violation of the above contract provisions." Bein also argued that under paragraph No. 19 of the purchase agreement, if "a report or other applicable information and disclosure that sellers were obligated to deliver and disclose to buyer were not delivered or disclosed, [he] cannot reasonably be deemed to have completed his review of such non-delivered and non-disclosed reports and other information and disclosures."

*The Court's Ruling*

The court ruled Bein's allegations were insufficient to allege the requisite scienter to state a cause of action for intentional misrepresentation. It pointed out Bein relied on the fact that sellers were involved in prior legal disputes with the City regarding issues of zoning, which should have imparted knowledge to the sellers that the property zoned for residential use cannot be used as a sober-living facility. But it concluded these allegations did not establish sellers' specific knowledge of the falsity of information in regard to this subject property as opposed to sellers' separate properties located in different areas.

The court also ruled Bein failed to state a claim for declaratory relief because he appeared to allege a unilateral mistake on his part. And although Bein did not properly allege a claim for rescission under Civil Code section 1689, courts have held that a unilateral mistake of fact may serve as a ground for rescission if the mistake is known to the other contracting party,

8

or if that party had reason to know of the mistake. The court ruled that Bein alleged no facts showing that sellers knew that each of the parties was signing separate documents, or that one addendum was missing the language regarding Sovereign Health's financial trustworthiness. It concluded that since the claim for intentional misrepresentation failed, so too did the declaratory relief claim.

The court pointed out that in the fourth amended complaint, Bein had impermissibly added the breach of contract cause of action without leave of court. However, it proceeded to analyze the claim on the merits, concluding, "Nevertheless, the [operative complaint] fails to allege a [cause of action] for breach of agreement." The court reasoned: "There is no language within the purchase agreement to conclude that sellers' failure to deliver the documents within the set timeline is a breach. By the expiration of the given timeline, [Bein] was obligated to either remove the contingencies or cancel the [purchase a]greement, and had the option to cancel the agreement in the event of sellers' failure to provide the business license to the property. Given [Bein] moved forward with closing, it is inferred that [he] has opted to remove the contingencies instead of exercising his right to cancel the agreement. As such, no breach is alleged, and therefore, this claim fails as plead[ed]." (Some capitalization omitted.)

## DISCUSSION

### I. *Intentional Misrepresentation*

In challenging the court's finding of lack of scienter, Bein argues, with no citation to authority: "Especially because [sellers, in the lease with Sovereign Health,] warranted . . . that the property was *zoned* for use as an assisted living facility it was incumbent upon [sellers] to ascertain the correct interpretation of the Zoning Code in this regard. . . . If they failed to

9

interpret the [Zoning] Code, then they made the representation about zoning recklessly and without regard for its truth. Either way, scienter was sufficiently alleged."

A. *Standard of Review and Applicable Law*

We apply well-settled principles. " 'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' [Citation.] ' " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. . . . We also consider matters which may be judicially noticed." . . . Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " ' " (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; see also *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 370.) " 'The well[-]pled allegations that we accept as true necessarily include the contents of any exhibits attached to the complaint. Indeed, the contents of an incorporated document . . . will take precedence over and supersede any inconsistent or contrary allegations set out in the pleading.' " (*Westamerica Bank v. City of Berkeley* (2011) 201 Cal.App.4th 598, 607.)

" 'If the complaint states a cause of action under any theory, regardless of the title under which the factual basis for relief is stated, that aspect of the complaint is good against a demurrer. "[W]e are not limited to plaintiffs' theory of recovery in testing the sufficiency of their complaint against a demurrer, but instead must determine if the *factual* allegations of the complaint are adequate to state a cause of action under any legal theory . . . ." ' " (*Zhang v. Superior Court, supra,* 57 Cal.4th at p. 370, see also *id*. at p. 383.)

10

"In evaluating the court's refusal to permit an amendment, we are governed by an abuse-of-discretion review standard. [Citation.] The court abuses its discretion if there is a reasonable possibility an amendment would cure the defects. [Citation.] The appellant has the burden to identify specific facts showing the complaint can be amended to state a viable cause of action. [Citation.] An appellant can meet this burden by identifying new facts or theories on appeal." (*Minnick v. Automotive Creations, Inc.* (2017) 13 Cal.App.5th 1000, 1004.)

The "elements of fraud that will give rise to a tort action for deceit are: ' "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." ' " (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974.) The element of scienter may be satisfied " '[i]f the defendant has no belief in the truth of the statement, and makes it recklessly, without knowing whether it is true or false.' " (*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 415.)

" 'Fraud actions . . . are subject to strict requirements of particularity in pleading. The idea seems to be that allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense. Accordingly, the rule is everywhere followed that fraud must be specifically pleaded. The effect of this rule is twofold: (a) General pleading of the legal conclusion of "fraud" is insufficient; the facts constituting the fraud must be alleged. (b) Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically), and the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect.' " (*Committee on*

11

*Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216.)

"This particularity requirement necessitates pleading *facts* which 'show how, when, where, to whom, and by what means the representations were tendered.' " (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73.)

B.  *Analysis*

Bein did not allege that sellers made any specific representation to him regarding zoning for the property in the purchase agreement, which is the parties' entire agreement under the integration clause.  Instead, Bein relied on the separate lease agreement between the sellers and Sovereign Health for his claim of intentional misrepresentation.  Moreover, he did not specify how that statement, that the property was zoned for a sober-living facility, was a misrepresentation, particularly in light of his other allegations that Sovereign Health did in fact operate as a sober-living facility before the sale, as shown by his appraiser's assessment, and after the sale, as shown by his receiving rents from Sovereign Health as a tenant.

We conclude that the court did not err by sustaining the demurrer as to this cause of action.  Additionally, Bein has not shown how he can amend his complaint to show that sellers had knowledge of the falsity of any misrepresentation made to him regarding zoning to meet the heightened pleading standard.

## II.  *Declaratory Relief and Rescission Remedy*

Bein contends he was entitled to declaratory relief in the form of restitution because "[a]s a result of Mogavero's forgery of Bein's signature," neither party signed the other's proposed addendum to the purchase agreement, there was no meeting of minds, and thus there was a mutual mistake of fact and no valid contract was formed for the sale of the property.

Code of Civil Procedure section 1060 provides:  "Any person interested

12

. . . under a contract, or who desires a declaration of his or her rights or duties . . . in respect to . . . property, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract."

" 'A party may rescind a contract if [the party's] consent was given by mistake.' [Citation.] 'The grounds for rescission are stated in [Civil Code] section 1689.[4]  One such ground exists when consent to a contract is given by "mistake."  The term "mistake" in [Civil Code] section 1689, however, is a legal term with a legal meaning.  [¶]  The type of "mistake" that will support rescission is defined in [Civil Code] section 1577 ("mistake of fact") and [Civil Code] section 1578 ("mistake of law").' " (*Estate of Eskra* (2022) 78 Cal.App.5th 209, 221-222.)

Civil Code section 1577 provides:  "Mistake of fact is a mistake, not caused by the neglect of a legal duty on the part of the person making the

---

4      Civil Code section 1689, subdivision (b) provides in part:  "A party to a contract may rescind the contract in the following cases:  (1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.  [¶]  (2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds.  [¶]  (3) If the consideration for the obligation of the rescinding party becomes entirely void from any cause.  [¶]  (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause.  [¶]  (5) If the contract is unlawful for causes which do not appear in its terms or conditions, and the parties are not equally at fault.  [¶]  (6) If the public interest will be prejudiced by permitting the contract to stand."

mistake, and consisting in: 1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or, 2. Belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed."

The basis for Bein's claim for rescission is not that either he or sellers made a mistake; rather, it is that his real estate agent perpetrated a fraud, allegedly causing harm to Bein. Besides, he does not allege that sellers had knowledge of the forgery. Further, although Bein discovered Mogavero's forgery in approximately February 2018, he did not allege that he timely took measures to address the forgery by, for example, seeking to cancel the purchase agreement with sellers. In fact, he subsequently modified the property for use as a hotel. It was not until December 2019 that Bein sought redress by filing the original lawsuit.

Although Bein alleged in the operative complaint that "Mogavero perpetrated the subject forgery of [Bein's] signature," Bein nonetheless seeks to have sellers bear the loss. He argues without citation that even if he "had chosen to allege a cause of action for recission based on mistake, it would have been for mutual mistake and therefore would not require [him] to establish that [seller] was guilty of any fault in regard to the mistake." But there is no basis for a claim of mutual mistake when the harm allegedly caused to Bein was the forgery of his signature, which sellers did not know about. "The law reasons that where one of two innocent parties must suffer, the loss should be accepted by the principal who is responsible for the selection of the agent and for the definition of his authority." (*Reusche v. California Pacific Title Ins. Co.*(1965) 231 Cal.App.2d 731, 736-737.) As Bein was the one who selected Mogavero as his agent, he should accept any loss resulting from the forgery, as sellers are innocent parties.

14

III. *Breach of Contract*

Bein contends the court abused its discretion by "failing to allow" the breach of contract cause of action "because [he] had not sought leave of court to file [it]," and the court should have addressed this cause of action on the merits. Although the court stated it had not approved Bein's filing of this cause of action, it nevertheless addressed it on the merits and concluded it failed as pleaded; therefore, this contention lacks merit.

Bein contends based on the purchase agreement provisions that "because of [sellers'] non-delivery and non-disclosure of a copy of the subject business license, [he] was not able to **commence** his review of that document, and therefore cannot be deemed to have **completed** his review." He relies on the allegation in his complaint that if sellers had complied with their duty to deliver the license to him, he would have been put on notice that the property was not zoned for a sober-living facility as stated in the lease, and he would not have completed the purchase agreement.

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) In *RSB Vineyards LLC v. Orsi* (2017) 15 Cal.App.5th 1089, the plaintiff purchased from defendants a vineyard and building. (*Id.* at p. 1093.) Plaintiff sued for, inter alia, breach of contract, alleging defendants failed to provide it a standard-form disclosure document, as required under the contract. (*Id.* at p. 1103.) The court rejected the claim, ruling the buyers failed to demonstrate a causal connection between the alleged breach and the claimed damages. (*Ibid.*) It further ruled the buyers, by removing the sale contingencies, waived the sellers' "obligation to provide any further

15

disclosures that would otherwise be required under the contract." (*Id.* at p. 1104.)

The same analysis applies here. The purchase agreement's paragraph Nos. 13 and 19 provide that the seller is obligated to produce to the buyer certain documents within specified timeframes. The remedy for sellers' noncompliance is provided in paragraph No. 19: "However, if any report, disclosure or information for which seller is responsible is not delivered within the time frame specified . . . then buyer has [a certain number of days] to deliver to seller a removal of the applicable contingency or cancellation of this agreement." (Some capitalization omitted.) Bein did not exercise his option to cancel the agreement when he did not obtain the license he now claims he was denied. Therefore, under the purchase agreement, he is deemed to have removed the contingency that was binding on sellers, and sellers were relieved of their obligation to provide the documents.

Bein argues without elaboration that, if given the opportunity to amend this cause of action, he would allege that Mogavero forged his signature on the purchase agreement's waiver of contingencies form. But even if Bein were given leave to so amend his complaint, he has not met his burden of alleging facts showing that sellers breached the purchase agreement when he proceeded with the sale without receiving the business license. Under the purchase agreement, his remedy for the sellers' failure to deliver the license remains the cancellation of the agreement, which he did not exercise. Accordingly, we conclude Bein has not met his burden of showing he can amend his complaint to allege a breach of contract cause of action.

DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


CASTILLO, J.